STATE ex rel. HELEN E. GAULDEN, *Relator,* v. J. T. WILLS, AS JUDGE OF THE EIGHTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR PUTNAM COUNTY, FLORIDA, *Respondent.*

Opinion filed April 18, 1918.

A civil case at law cannot be transferred from the Circuit Court in which it is pending, to another Circuit Court because of the disqualification of the judge to try it, except on consent of all the parties to the action. Sec. 19 Art. V. Const.

Original.

Denied.

*Isaac A. Stewart* and *L. S. Gaulden,* for Relator.

BROWNE, C. J.—This is an application for an alternative writ of mandamus to require the Circuit Judge of the Eighth Circuit to take jurisdiction of and try a case of replevin transferred to that court by the Judge of the Seventh Circuit Court.

The suit was instituted in the Circuit Court of the Seventh Circuit in Brevard County, and when it was called for trial the defendant suggested the disqualification of Honorable James W. Perkins, Judge of the Court to try the cause, but made no request to have it transferred. The trial judge decided that he was disqualified and of his own motion changed the venue to the Circuit Court of Putnam County in the Eighth Judicial Circuit of Florida, and ordered the Clerk of the Court to transmit all papers filed in the cause, including the order of transfer, to the Circuit Court of Putnam County.

This was done, and the cause was docketed for trial at the regular April 1918 Term of that court, at which time the defendant moved the court to direct that all the papers in the cause be returned to the Circuit Court of the Seventh Circuit for Brevard County, where the cause originated, because the Judge of the Eighth Circuit was without jurisdiction to try said cause, and alleging that he had never consented to the change of venue and did not then consent, and that at the time the Judge of the Seventh Circuit of his own motion made his order changing the venue of said cause, he had protested against the change.

The court granted the motion and ordered the case stricken from the docket of that court, and all papers returned to the clerk of the Circuit Court in and for Brevard County, Florida.

The question presented by the petition is whether

under the provisions of the Constitution of Florida a civil case at law can be transferred from one Circuit Court to another, because of the disqualification of the judge of the court where the cause is pending.

Section 19 Article V of the Constitution provides: "When any civil case at law in which the judge is disqualified shall be called for trial in a Circuit or County Court, the parties may agree upon an attorney at law, who shall be judge *ad litem,* and shall preside over the trial of and make orders in said cause as if he were judge of the court. The parties may, however, transfer the cause to another Circuit Court or County Court, as the case may be, or may have the cause submitted to a referee."

The effect of this provision of the Constitution upon the power of a Circuit Judge to transfer a civil cause at law pending in his court to another Circuit for trial, is fully discussed in the opinion of this court delivered by Mr. Chief Justice RANEY in the case of State *ex rel.* Hughes v. Walker, 25 Fla. 561, 6 South. Rep. 169, wherein it was said, "The meaning of the constitution is that no case at law shall be transferred on account of the disqualification of the resident Circuit Judge to determine it, except upon consent of all the parties to it, and that it shall not be tried before a judge *ad litem* or referee without such consent. Where the parties do not consent to a transfer or agree upon a judge *ad litem* or submit to a referee, the constitution contemplates, that the trial shall be before one of the regular Circuit Judges, who'n the Governor may, under Section 8 of Article V order to exchange Circuits with the resident judge, or to hold a term or a part of a term in the county where the cause is pending. If one or more of the parties to a cause shall be found unreasonable and

obstructive as to the remedies given to parties as a whole, it is not to be presumed that the Governor will fail to use his discretion under the last mentioned section of the constitution in such manner as will secure a reasonably prompt trial to the party or parties desiring it."

As this case settles the constitutional question raised herein, the application for the alternative writ is denied.

All concur.